1  HARRIS B. TABACK, ESQ., California State Bar No. 111017
   LAW OFFICES OF HARRIS B. TABACK
2  345 Franklin Street, Ste. 102
   San Francisco, CA  94102
3  (415) 241-1400

4  Attorney for Defendant
   CHRISTOPHER CALDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  CR 08 00210 VRW |
| Plaintiff, | SENTENCING MEMORANDUM IN ANTICIPATION OF CHANGE OF PLEA AND STIPULATION TO WAIVE PRE SENTENCE REPORT |
| vs. | |
| CHRISTOPHER  CALDER, | Date: August 21, 2008 |
| Defendant. | Time: 2:30 p.m. |
| | Court: Honorable Vaughn R.. Walker |

Comes now defendant, CHRISTOPHER  CALDER, by and through  undersigned counsel, who respectfully submits this brief Sentencing Memorandum in anticipation of CALDER entering into a Plea Agreement protected by Rules 11  C  (1) (A) and 11  C  (1) (B) of the Federal Rules of Criminal Procedure before this Honorable Court on August 21, 2008.

CALDER will plead guilty to the sole court in the indictment (a violation of 18 U.S.C. 3146 (a) (2) – failure to surrender for service of sentence as ordered by this Court) and agrees with the government that his adjusted offense level is a 9 and that his criminal history category is II.  Further, he agrees with the recommended sentence – One year probation (to run consecutive with his three year period of Supervised Release in Case No. CR - 0491 - 08 VRW) with the usual terms and conditions including six months of community confinement in a half-way house (which is to run concurrently with any half way house confinement as part of his 24 month sentence in Case No. CR

1  05 - 0491 -08 VRW.

2      A. Summary Of The Facts

3      On February 27, 2007, This Honorable Court sentenced CALDER to 24 months in Case No.
4  CR - 05 - 0491 08 VRW. CALDER had pled guilty to one count of possession with the intent to
5  distribute MDMA (ecstacy). At sentencing the Court imposed the 24 months and took into
6  consideration the following findings of the Probation Officer (Counsel has attached the Pre Sentence
7  Report in that case to the chambers copy of this memorandum):

8      "The recommended sentence of 24 months imprisonment is offered in consideration
9      of the Sentencing factors that are outlined in 18 U.S.C. 3553 (a). These factors take
10     into account the nature of the offence, as well as the defendant's background and
11     personal characteristics. Given his young age, his lack of prior periods of
12     incarceration any greater than four months, his lack of youthful guidance, and his
13     rehabilitative needs with respect to mental health and drug treatment, it is believed
14     that a 24 month sentence is sufficient, but not greater than necessary, in meeting the
15     aims of justice."

16     This Honorable Court permitted CALDER to self surrender on April 13, 2007. On March
17 14, 2007, Magistrate Chen ordered CALDER to surrender on March 15, 2007 because of repeated
18 Pre-Trial release telephone monitoring and curfew violations. CALDER did not surrender on either
19 date and was arrested in San Francisco as a result of his failure to appear in April, 2007.

20     B. The Proposed Disposition

21     At the time of CALDER's first failure to surrender, approximately two weeks had passed
22 from the imposition of sentence. At the time of the second failure to appear, approximately six
23 weeks had passed from the imposition of sentence. Counsel respectfully submits that the exact
24 issues documented and verified in the Pre Sentence Report were very much still active impediments
25 in CALDER's life that caused him to behave so immaturely by failing to surrender. That is, while
26 there is certainly no legal defense to the charge here, the same 3553 (a) factors are applicable: his
27 youth and immaturity; lack of youthful guidance; mental health and substance abuse (which began
28 when he was a juvenile and is particularly damaging because of the brains incomplete development

1  at such a young age) issues. Further, his fear of incarceration and desire to remain close to his
2  girlfriend and their three year old daughter were also factors in his failure to self surrender.
3      The government has also considered the above information and has concluded that a one year
4  period of probation with six months community confinement in a half-way house is an appropriate
5  and reasonable sentence. Additional significant factors that support this conclusion are the serious
6  consequences of CALDER having a second felony on his record and an agreement with the surety
7  that the government will keep $15,000.00 as a result of CALDER violating his Pre-Trial Release
8  Conditions. CALDER agrees. Both parties also agree to waive the Pre Sentence Report.
9      Finally, with this Honorable Court's permission, CALDER waives his right to a Pre Sentence
10 Report and respectfully requests that he be sentenced to the above referenced terms and conditions
11 of the proposed Plea Agreement.

                              Respectfully Submitted,

                              LAW OFFICES OF HARRIS B. TABACK

                              By: //S//
                                 HARRIS B. TABACK
                                 Attorney for Defendant
                                 CHRISTOPHER CALDER