JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

LAUREL BEELER (CSBN 187656)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6765
   Facsimile: (415) 436-7234
   E-Mail: laurel.beeler@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08 00210 VRW |
|     Plaintiff, ) | |
| ) | UNITED STATES' MEMORANDUM |
| v. ) | RE PLEA AND SENTENCING |
| ) | |
| CHRISTOPHER CALDER. ) | DATE: August 20, 2008 |
| ) | TIME: 2 p.m. |
|     Defendant. ) | COURT: Judge Walker |
| ) | |

## I. INTRODUCTION

The parties have reached a plea agreement whereby Christopher Calder will plead guilty to failure to surrender for service of his sentence in violation of 18 U.S.C. § 3146. A copy of the plea agreement previously was provided to the Court. Because the Court sentenced Calder relatively recently, and since there has been no change in Calder's circumstances since that presentence report, the parties will waive preparation of a new presentence report and ask the Court to proceed directly to sentencing. Calder's guidelines range is 9, his criminal history category is II, and his guidelines range is 6 to 12 months in Zone B, which is a probationary range. The parties jointly ask the Court to impose a one-year term of probation to run consecutive to his three-year term of supervised release in CR 05 491 VRW, with a six-month

term of community confinement to run concurrently with any term he serves in a halfway house as part of his 24-month sentence in CR 05 491 VRW.  (The Bureau of Prisons often releases offenders into a halfway house before their full sentence so that they can transition back into the community.)

## II.  GUIDELINES CALCULATIONS

The parties agreed in the plea agreement that the Guidelines are as follows:

| | | |
|---|---|---|
| a. | Offense Level, U.S.S.G. § 2J1.6: | 11 |
| b. | Acceptance of responsibility: | -2 |
| | Adjusted offense level | 9 |
| | Criminal History Category: | II |
| | Guidelines Range: | 6 to 12 months |

## III.  AUTHORITY TO WAIVE PRESENTENCE REPORT

Under Federal Rule of Criminal Procedure 32(b)(1), the Court may proceed without a presentence report if it finds that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553, and it explains this finding on the record.  In this case, and as the plea agreement sets forth, the parties agree on the sentencing range.  The plea agreement also provides a detailed recitation of Calder's conduct.  Calder's personal circumstances have not changed since the presentence report in case number CR 05 491 VRW.

## IV.  SENTENCING RECOMMENDATION

The United States asks the Court to sentence Calder to one year of probation to run consecutive to his supervised release term in CR 05 491 VRW and to essentially give Calder credit for the six months' halfway house if the Bureau of Prisons allows him to serve any part of his sentence in a halfway house.

Here, the guidelines provide for a probation range.  In addition, the factors under 18 U.S.C. § 3553(a) – including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense, to

promote respect for the law, to provide just punishment, and to afford deterrence – also support the parties' recommended sentence.

By making this recommendation, the United States does not intend to minimize Calder's conduct, which was immature and ill-considered. But Calder is young, and he has mental health issues that no one has addressed. His problems likely have been compounded by his mother's instability, her inadequate supervision of her son, and his prior abuse of marijuana. Put another way, Calder has not had many breaks in his life, but he also has not had any advantages.

Part of the equation also is that Calder made a lot of progress on pretrial supervision in the underlying case. He completed his GED, and he worked full-time at a job that he liked in a smog shop. He does have a grandfather who clearly loves him, a girlfriend who has stuck by him during this period, and a daughter (who now is three).

Calder's immature behavior here – failing to show up and *intending* (he says) to surrender possibly after he came up with some money for his child – mirrors some of his immaturity on pretrial release in the underlying case. He missed his curfews all the time. Often, the lateness wasn't extraordinary (20 minutes, 40 minutes), but it was repeated. And there always was an excuse, sometimes even a reasonable excuse. But excuses were not relevant, and Calder had a tough time appreciating that.

The final factor is that during the first presentence process, Calder was forthright, and he was sincere in articulating how he wants to do something different with his life. When pressed about how easy it would be to slip back into the business of selling drugs, he said, among other things, that he was grateful that he had been arrested because it stopped him from selling drugs. He said that he never wanted to sell drugs again, that he wanted to be different and to do better, and that with his grandfather's help, he would succeed.

The problem in the underlying case is that Calder did well on the big life issues (getting a job, getting a GED, working on his relationships) and not well on what he may have considered (in a fairly adolescent fashion) to be inconsequential rules. They are not inconsequential. But as the Court said several times in the underlying case when sentencing youthful offenders, it is important to look forward, not back. Calder has the tools to do well, and he even has the familial

UNITED STATES' MEMORANDUM
 (CR 08 00210 VRW)                                3

1  support.  He is almost finished with his underlying term of imprisonment, and an additional
2  period of supervision will enable the Court and Probation to monitor his behavior longer to make
3  sure he stays on the right track.  Also, in addition to the additional felony and extended period of
4  supervision, there have been other consequences to Calder's behavior.   His grandfather posted
5  property and cash for him, and he will forfeit some of it.
6      Under the circumstances, and considering this defendant's personal circumstances, the
7  United States believes that the parties' recommended sentence is the right one.  The United
8  States asks the Court to give Calder one more chance, and sentence him to a consecutive year of
9  probation with six months' halfway house to be served immediately upon his release from
10 prison.

11 DATED: _____                    Respectfully submitted,

12                                          JOSEPH P. RUSSONIELLO
                                            United States Attorney
13

14                                            /s Laurel Beeler
                                            LAUREL BEELER
15                                          Assistant United States Attorney

CERTIFICATE OF SERVICE (CR 02 183 VRW)